USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
:
SCOTT ERIC SANDERS, an individual, SCOTT        :
ERIC SANDERS, as father of, and fiduciary for, Jo. S.  :
and Je. S.,                                       :
                                Plaintiffs,       :          20-CV-5621 (VEC)
                                                  :
                -against-                          :
                                                  :               ORDER
                                                  :
MARCIE LYN SANDERS, an individual, *et al.*,      :
                                                  :
                                Defendants.        :
                                                  :
---------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

    WHEREAS on September 24, 2021, the Court dismissed Plaintiff's case against ten of

the twelve Defendants with prejudice pursuant to the doctrine of collateral estoppel, Dkt. 84;

    WHEREAS the two remaining Defendants, Cosmo Occhiogrosso and CJO Consulting

Ltd., have not appeared in this matter;

    WHEREAS on October 5, 2021, the Court ordered Plaintiff to show cause why his case

against the remaining two Defendants should not be dismissed with prejudice for failure to

prosecute and pursuant to the doctrine of collateral estoppel, Dkt. 85;

    WHEREAS on October 8, 2021, Plaintiff moved for reconsideration of the Court's

opinion dismissing his case against the ten Defendants, Dkt. 86;

    WHEREAS on October 29, 2021, the ten Defendants jointly responded in opposition to

Plaintiff's motion, Dkt. 88, and on November 5, 2021, Plaintiff replied in support of his motion,

Dkt. 89;

WHEREAS on November 5, 2021, Plaintiff informed the Court that he had never served Defendants Cosmo Occhiogrosso and CJO Consulting Ltd. and that those two Defendants "are not the key defendants in this matter," Dkt. 89 at 10 n.4;

WHEREAS a party may obtain relief on a motion for reconsideration "only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (cleaned up);

WHEREAS "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (cleaned up); and

WHEREAS the Court need not entertain a motion for reconsideration that seeks to relitigate old issues, present new theories of liability, or otherwise take a second bite at the apple, *see Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012).

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED. Plaintiff's main argument is that the Court improperly took judicial notice of the New Jersey divorce proceedings by relying on the divorce judgment's findings of fact for the truth of the matters asserted.  Mem. of Law, Dkt. 86 at 3–4.  But as the Court explained in its Opinion dismissing the case, "the Court is not looking to the divorce judgment for its findings of fact; the Court is looking to the divorce judgment to determine the scope of what has already been decided."  *See* Opinion, Dkt. 84 at 9; *id.* at 10 (citing *Parker v. Est. of Blair*, No. 19-CV-21093, 2020 WL 6707963 at *4 (D.N.J. Nov. 16, 2020) ("Such judicial notice is particularly appropriate

where, as here, [the court] consider[s] the decision not as independent evidence of the relevant events, but only for the purpose of ascertaining the scope [of] what it decided."), *appeal dismissed*, No. 20-3558, 2021 WL 2470496 (2d Cir. May 4, 2021)).  Determining a decision's scope necessarily involves examining the decision "in order to identify what [it] decided and what collateral estoppel effect [it] may have . . . ."  *Parker*, 2020 WL 6707963, at *4 n.6.  Although the Court's consideration of whether Plaintiff was equitably estopped from relitigating the distribution of property required determining the scope of what was litigated in the divorce court as well as the scope of the divorce court's decision, it did not require assessing — and the Court did not assess — the accuracy of the divorce court's findings of fact.  Accordingly, judicial notice of the divorce judgment (Dkt. 61-3) and the record in the divorce proceedings (Dkts. 61-5, 61-6, 61-7, 81-1) was not taken in error.

To support his judicial notice argument, Plaintiff cites a series of Second Circuit cases in which the Court of Appeals reversed district court decisions that improperly relied on the factual findings of other courts in granting motions to dismiss.  *See* Mem. of Law at 3–4; Reply, Dkt. 89 at 1–2.  As a threshold matter, Plaintiff's reliance on those cases is improper on a motion for reconsideration.  None of the cited cases involves an intervening change of law; they were all decided before the Court dismissed this case.  Additionally, although Plaintiff cited to one of the cases in his opposition to the motion to dismiss, *see* Supp. Resp., Dkt. 72 at 1–2 (citing *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388–89 (2d Cir. 1992)), in his motion for reconsideration, Plaintiff does not identify anything that the Court overlooked from that decision.  A motion for reconsideration is not an opportunity to take "second bite at the apple," *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998), which is exactly what Plaintiff is doing by relying on previously uncited case law to support an argument already made and rejected by the Court.

Even if Plaintiff's reliance on the newly cited cases was procedurally proper, the cases do not support Plaintiff's argument that the Court improperly relied on the New Jersey divorce judgment and record for the truth of the matters asserted. None of the cases Plaintiff cites considers whether a party's claims were barred by collateral estoppel. For example, in *Weisshaus v. Port Auth. of New York & New Jersey*, 814 F. App'x 643, 647 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 1061 (2021), the district court relied on the factual findings in a different case to conclude that the plaintiff had "not shown that his allegations of fact could lead the court to reasonably find the [defendant] liable on facts that have already been determined to foreclose liability." *Id.* at 647. But that is a far cry from what this Court did. Here, the Court did not and has not evaluated the merits of the New Jersey divorce court's factual findings; nor is the Court applying those findings to a new set of facts. Instead, the Court inspected the divorce judgment and record to determine what had previously been decided and was, therefore, barred by the doctrine of collateral estoppel from being relitigated. Just as the Court found in its original opinion, *see* Opinion at 9–10, judicial notice of the divorce judgment and record was proper.[1]

Plaintiff continues that same line of argument to contend that the Court improperly relied on the divorce court's factual findings when it concluded that issues related to Prime Services Enterprises, Inc. ("Prime") and Rogers Avenue Enterprises ("Rogers") were resolved by the New Jersey divorce court. *See* Mem. of Law at 2–3 (Prime); *id.* at 4–5 (Rogers); *see generally* Reply at 9. In concluding that the divorce court had resolved the issues related to Prime and Rogers,

---

[1] It is for that same reason that Plaintiff's argument that the Court should have converted Defendants' motion to dismiss to a motion for summary judgment fails. *See* Mem. of Law, Dkt. 86 at 9–10. Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, if, on a motion to dismiss for failure to state a claim, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Materials incorporated by reference in a complaint or that are judicially noticed are not considered outside the pleadings. *See* Opinion, Dkt. 84 at 8. The divorce proceedings were incorporated by reference in the complaint, *see* Opinion at 9, n.13 (reviewing the complaint's references to the divorce proceedings), and are appropriate for judicial notice, Opinion at 9. Accordingly, the Court was not required to convert Defendants' motion to dismiss to a motion for summary judgment.

the Court relied on the record that was before the divorce court judge.[2]  *See Miller v. Nichols*, 586 F.3d 53, 61 (1st Cir. 2009) ("We do not accept plaintiffs' assertion that a state court has only addressed an issue for purposes of issue preclusion if the earlier state court opinion contains an explicit discussion of the facts.  That is not the law."); Wright and Miller, Fed. Prac. & Proc. § 4420 (3d ed.) ("Careful examination of the record often fails to show any explicit decision . . . . Examination of the record often culminates instead in a process of inference, in which it is taken that an issue was actually decided if its decision was necessary to support the result reached on the record presented in the first action.  The inference is often drawn easily from the record.").

As the Court explained in its Opinion, it was easily understood from the record that the divorce court had decided the issues related to Prime and Rogers.  With respect to Prime, in his complaint, Plaintiff sought the proceeds and damages from what he claims was an intentionally sabotaged sale of Prime by his ex-wife Marcie and other Defendants.  Compl., Dkt. 1-2 ¶¶ 25(f)(iv)–25(f)(vi).  He further alleged that his ex-wife stole $75,000 in earnest money that had been provided by the prospective buyers.  *Id.* ¶ 25(f)(v).  In its Opinion, the Court found that those same allegations were discussed at length in the divorce court proceedings.  *See* Opinion at 17–18 (citing Divorce Ans., Dkt. 61-5 at 7–8; Divorce Judgment, Dkt. 61-3 at 37, 39; N.J. App. Opening Brief, Dkt. 61-6 at 30, 31; N.J. App. Resp., Dkt. 61-6 at 126).  The Court further noted that, after taking evidence, the divorce court judge did not make any allocations to offset the supposed sabotaged sale of Prime.  Opinion at 17.  And with respect to the $75,000 in earnest money, the divorce court judge allocated the funds remaining in the bank accounts to the parties, thereby necessarily accounting for that sum.  Divorce Judgment at 54.  Accordingly, the Court

---

[2]      *See Overseas Lease Grp., Inc. v. Plocher Constr. Co., Inc.*, 800 F. App'x 79, 81 n.7 (3d Cir. 2020) ("In determining whether claims should be dismissed as barred by claim preclusion, a court may take judicial notice of the record of the prior proceeding . . . ." (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988)).

determined "easily from the record,"[3] that the issue of rightful ownership of the earnest money and any adjustments to account for any malfeasance associated with the attempted sale of Prime were resolved in the divorce proceeding.  For that reason, the Court determined that Plaintiff is estopped from relitigating the issue.[4]

With respect to Rogers, Plaintiff alleges that his ex-wife stole from the business prior to selling it.  Compl. ¶ 25(e)(ii), (iv).  But as with Prime, those allegations were considered extensively during the divorce proceedings.  *See* Opinion at 18 (citing N.J. App. Opening Brief at 28–30, 35–36 (reviewing the discussion of Rogers before the divorce court); N.J. App. Resp. Brief at 136–137 (same)).  Given the divorce court record, the Court determined that "any claim with respect to entitlement to proceeds from Rogers Avenue Enterprises was necessarily accounted for in the divorce court's equitable distribution of the assets, [and therefore Plaintiff] is estopped from re-litigating that issue."  Opinion at 18.  The Court did not rely on findings of fact to draw new conclusions; instead, the Court simply determined that this issue has been decided by the New Jersey court — an analysis necessary to resolve the collateral estoppel issue.

In short, Plaintiff's argument that the Court should reconsider its decision to judicially notice the New Jersey divorce court proceedings has no merit.

Plaintiff next urges the Court to reconsider its application of collateral estoppel because, Plaintiff contends, he did not have a "full and fair opportunity" to "actually litigate" the issues in the divorce.  *See* Mem. of Law at 6 (internal citation omitted); *id.* at 6–9.  Plaintiff is correct that

---

[3]     Even accepting all of Plaintiffs' allegations as true, the Court could not have reached any other conclusions from the divorce record.

[4]     Plaintiff tries to make a lot of hay out of the Court's purported inaccurate citations to the divorce judgment in its Opinion.  *See* Mem. of Law, 1, 2, 10 n.2; Reply, Dkt. 89 at 3.  As the Court previously clarified, the Court cited to the ECF page numbers that appeared on the top of each page of the divorce judgment and not to the page numbers found at the bottom of each page.  *See* Order, Dkt. 87 at 1 n.1.  Although the Court should have included a footnote in its Opinion explaining that it was citing to the ECF page numbers, it is puzzling that Plaintiff's counsel could not figure that out on his own.  The Court is especially baffled given that the decision repeatedly cited to page 54 of the divorce judgment, which only exists when the ECF page numbers are used.

an issue must have been "actually litigated" in the prior proceeding for collateral estoppel to apply. *See* Opinion at 11 (citing *Parker*, 2020 WL 6707963, at *4). He is also correct that an issue may not have been "actually litigated" when the earlier judgment was entered on default, although collateral estoppel does apply "when default was entered as a sanction for deliberate misconduct." *See* Mem. of Law at 7 (internal citation omitted); *see also In re Snyder*, 939 F.3d 92, 100–01 (2d Cir. 2019) ("Affording a default judgment entered as a sanction preclusive effect furthers the goal of imposing the sanction in the first instance because it deprives the sanctioned party an opportunity to relitigate an issue that could and should have been decided in the first litigation."). Plaintiff argues that the exception for default judgments entered as a sanction does not apply to his case because he did not deliberately prevent the resolution of his claims. Mem. of Law at 7. Plaintiff further "seeks an opportunity to submit evidence that the grounds for the default were the result of certain shortcomings of his counsel" and were "no fault of his own." *Id.*

The Court declines to take new evidence or consider Plaintiff's argument because it is completely new and therefore an improper basis for a motion for reconsideration. Plaintiff did not raise that argument in either his first response to Defendants' motion to dismiss or in his supplemental response. *See* MTD Resp., Dkt. 65; Supp. Resp., Dkt. 72. As mentioned previously, a motion for reconsideration "is not a vehicle for . . . presenting the case under new theories." *Analytical Survs., Inc.*, 684 F.3d at 52. Plaintiff had ample opportunity to raise that

argument in his opposition to the motion to dismiss, but he chose not to.[5]  The Court declines to

give Plaintiff a second (or third or fourth) bite of the apple.[6]

Plaintiff next argues that the Court's finding that Plaintiff did not allege fraud on the

court is contradicted by the record.  Mem. of Law at 5–6.  In the Opinion granting the motion to

dismiss, the Court recognized that fraud on the court may preclude collateral estoppel.  Opinion

at 22.  The Court further found that Plaintiff "has not alleged that [his ex-wife] took action to

trick the New Jersey court system into ruling in her favor" and that "[w]ithout any allegations of

collusion or fraud on the court, any exception that might exist on that basis is inapplicable to this

case."  *Id.* at 22–23.  In his motion for reconsideration, Plaintiff cites to five allegations in his

complaint that he claims constitute "specific and detailed allegations of fraud on the court and

fraudulent concealment."  Mem. of Law at 5 (citing Compl. at 3, 6, 16, 21, 23–24).  Plaintiff is,

in essence, arguing that the Court overlooked those allegations in the complaint, a proper basis

for a motion for reconsideration.  *See Shrader*, 70 F.3d at 257 (finding that "reconsideration will

generally be denied unless the moving party can point to … data that the court overlooked . . .

that might reasonably be expected to alter the conclusion reached by the court").

Although the Court agrees that it overlooked those allegations, that error was harmless

because Plaintiff did not adequately allege fraud on the New Jersey divorce court.  As an initial

matter, only one of the five allegations cited by Plaintiff is relevant to whether Defendants

---

[5]      Page limits do not account for Plaintiff's failure to raise that argument earlier: the Court authorized him to file a response to the motion to dismiss of up to 40 pages, *see* Endorsement, Dkt. 54, he only used nine, *see* MTD Resp., Dkt. 65.  The Court also granted Plaintiff the opportunity to file a supplemental response brief.  *See* Order, Dkt. 69.

[6]      Even if Plaintiff's argument were procedurally proper, Plaintiff may very well be estopped from arguing that the use of default as a sanction against Plaintiff himself was inappropriate in the divorce proceeding.  That issue was extensively litigated before the divorce court, *see* Divorce Judgment, Dkt. 61-3 at 6–20 (summarizing the proceedings), and before the New Jersey appeals court, *see* N.J. App. Opening Brief, Dkt. 61-6 at 62–72 (arguing that the divorce court abused its discretion in entering default and refusing to vacate it), and both the New Jersey divorce court and the appellate court found default appropriate given Plaintiff's *own* conduct.  But because Plaintiff has improperly raised that argument in his motion for reconsideration, the Court declines to consider it on the merits.

defrauded the New Jersey divorce court.  The first allegation Plaintiff points to, on page 3 of the

complaint, is conclusory and makes no specific allegations whatsoever.  *See* Compl. ¶ 4 ("As set

forth below in detail, the plan was carried out by the defendants through an express agreement

among them whereby they agreed to, and did in fact, defraud numerous banks, trustees,

fiduciaries and the court system.").  Two of the allegations Plaintiff points to, which appear on

pages 6 and 23–24 of the complaint, concern purported fraud on the New York Supreme Court in

litigation in which Plaintiff's ex-wife was a defendant; those allegations have nothing to do with

whether Defendants defrauded the New Jersey divorce court.  *See id.* ¶¶ 17, 25(f)(v).  And the

allegations on page 21 of the complaint have nothing to do with fraud on any court; they allege

that Plaintiff's ex-wife purportedly defrauded one of the businesses.  *See id.* ¶ 25(e)(v).[7]

Accordingly, those four sets of allegations are not relevant to whether Plaintiff adequately

alleged that any Defendant defrauded the New Jersey divorce court.

The remaining allegation to which Plaintiff points is on page 16 of the complaint:

> . . . M. Sanders sold the Grafe Street property without authorization and stole the
> proceeds in the sum of $999,000.  The sales price represented a fire-sale and the
> sales price was more than 15% below the real market price for the property.  In
> the midst of this portion of the Defendants' fraud and theft, Ms. Sanders
> attempted to ratify her misconduct by obtaining approval from a divorce court
> judge.  However, each and every representation M. Sanders made to the divorce
> court judge was knowingly false and constituted fraud on that court.  Indeed, the
> divorce court ultimately ruled that the parties would be left to "their own devices"
> regarding the propriety of M. Sanders' and Defendants' conduct pertaining and
> relating to the trusts and their assets;

Compl. ¶ 25(b)(iv).  Plaintiff's statements that "each and every representation" made by his ex-

wife was "knowingly false and constituted fraud on that court" is a legal conclusion.  On a

motion to dismiss, the Court is not "'bound to accept as true a legal conclusion couched as a

---

[7]       As the Court explained in its Opinion, "[f]raud is an exception to the application of *res judicata* when there
has been a fraud on the court; the exception does not apply just because common law fraud claims are asserted
against an opposing party."  *See* Opinion at 22.

factual allegation.'"  Opinion at 7 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The only facts alleged that even arguably support Plaintiff's assertion that his ex-wife defrauded the divorce court is the allegation that the divorce court "left [the parties] to 'their own devices' regarding the propriety of [both spouses'] conduct pertaining and relating to the trusts and their assets."  Compl. ¶ 25(b)(iv).  Given the use of the word "indeed" at the beginning of the relevant sentence, it appears Plaintiff was insinuating that the divorce court, worried about possible fraud on it with respect to Marcie's representations about the Grafe Street property, decided not to make findings regarding that property.  But that is plainly inaccurate.  The divorce judgment ordered that the proceeds from the sale of the Grafe Street property be split evenly between Plaintiff and his ex-wife.  Divorce Judgment at 51.  With no facts to raise Plaintiff's claims of fraud above the speculative level, *see* Opinion at 7 (citing *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014)), Plaintiff's conclusory allegations of fraud on the court must be disregarded.[8]  Accordingly, Plaintiff's conclusory claims of fraud on the court do not preclude the application of collateral estoppel to bar Plaintiff from re-litigating his claims yet again.[9]

Plaintiff further argues that the Court should reconsider its decision denying Plaintiff leave to amend his complaint, *see* Opinion at 24, so that he can have the opportunity to "specify the allegations of fraud on the court."  Reply at 7; *see also id.* at 5.  But Plaintiff has given the

---

[8]    Plaintiff also asserts that it is "hardly appropriate" for him to address Defendants' arguments that the allegations in his complaint of fraud on the court were conclusory in a reply brief.  Reply at 5.  But Plaintiff cites no authority to support that proposition.  Plaintiff argued that the Court overlooked certain allegations in the complaint.  Defendant responded that even if the Court had overlooked those allegations, the error was harmless because the allegations were conclusory.  The Court fails to understand why that line of directly responsive argument is inappropriate or why Plaintiff would not want to explain in his reply brief why his allegation was not conclusory.

[9]    Additionally, the Court agrees with Defendants that even if the Court were to accept Plaintiff's assertion that his ex-wife perjured herself before the divorce court, that would unlikely be enough to constitute fraud on the court.  *See* Resp., Dkt. 88 at 10–11 (collecting cases); Opinion at 22 (citing *Garcia v. Griffin*, No. 16-CV-2584, 2021 WL 1577679, at *1 (S.D.N.Y. Apr. 22, 2021) ("A fraud upon the court occurs where . . . a party has set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by . . . unfairly hampering the presentation of the opposing party's claim or defense." (internal citation omitted)).

Court no indication of what those additional allegations might be.  *See F5 Capital v. Pappas*, 856 F.3d 61, 90 (2d Cir. 2017) (affirming denial of leave to amend when the plaintiff failed to "explain how it proposed to amend the complaint to cure its defects"); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (leave to amend can properly be denied "where the request gives no clue as to 'how the complaint's defects would be cured'" (quoting *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006))).  Accordingly, the Court sees no reason to reconsider its decision to deny Plaintiff leave to amend his complaint.

In short, without any meritorious arguments, Plaintiff's motion for reconsideration is DENIED.

IT IS FURTHER ORDERED that the complaint is DISMISSED with prejudice as against Defendants Cosmo Occhiogrosso and CJO Consulting Ltd.  Plaintiff admits that he has yet to serve those two Defendants, *see* Reply at 10 n.4, despite filing his complaint almost two years ago, in February 2020, *see* Compl., Dkt. 1-2.  Moreover, even if Plaintiff had served those two Defendants, he would be collaterally estopped from bringing his claims against them for the same reasons he is collaterally estopped from bringing his claims against the remaining Defendants.  *See generally* Opinion, Dkt. 84.  Accordingly, the complaint against Cosmo Occhiogrosso and CJO Consulting Ltd. is dismissed with prejudice for failure to serve and pursuant to the doctrine of collateral estoppel.

The Clerk of Court is respectfully directed to terminate all open motions and to close this case.

**SO ORDERED.**

Date:  December 17, 2021
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**

11